IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SPENCER DEAN BLACKKETTER,

        Petitioner,

    v.

JERI TAYLOR,

        Respondent.

Civil No. 2:15-cv-02406-BR

OPINION AND ORDER

NELL BROWN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2).

## BACKGROUND

On November 5, 2010, a Douglas County grand jury indicted Petitioner on four charges of Sodomy in the First Degree and four charges of Sexual Abuse in the First Degree. Resp. Exh. 102. Petitioner entered into a plea agreement whereby he agreed to plead guilty to one count of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. Resp. Exh. 103. The plea petition signed by Petitioner specified that the sentence for one of the Sexual Abuse convictions would run concurrently with the sentence imposed for the Sodomy conviction, but that the parties were free to argue whether the sentence imposed for the second Sexual Abuse conviction would run concurrently or consecutively. Resp. Exh. 103.

At the change of plea hearing, the trial judge engaged in a colloquy with Petitioner during which Petitioner stated he understood everything contained in the plea petition, the maximum sentences that could be imposed upon him, and the trial rights he was giving up. Resp. Exh. 104, pp. 10-14. He also stated he was pleading guilty because he was, in fact, guilty of the charged

2 - OPINION AND ORDER -

crimes. Resp. Exh. 104, pp. 10-14. The trial court found Petitioner's guilty plea was made knowingly, intelligently, and voluntarily. Resp. Exh. 104, p. 14.

At sentencing, the trial judge imposed the mandatory-minimum sentence of 100 months of imprisonment on the Sodomy conviction and 75 months of imprisonment on each of the two Sexual Abuse convictions. Resp. Exh. 101. Consistent with the plea agreement, the trial court imposed one of the Sexual Abuse sentences to run concurrently with the Sodomy sentence and the other to run consecutively, for a total sentence of 175 months of imprisonment. Resp. Exh. 101.

Petitioner filed a direct appeal, but later moved to dismiss the appeal. Resp. Exh. 105. Petitioner then filed a petition for state post conviction relief ("PCR") alleging several claims of ineffective assistance of trial counsel. Resp. Exh. 107. Following an evidentiary hearing, the PCR trial court denied relief. Resp. Exh. 121. Petitioner appealed, asserting one claim for relief, that the PCR trial court's judgment failed to comply with Oregon law. Resp. Exh. 122. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Blackketter v. Amsberry*, 272 Or. App. 181, 356 P.3d 1171, *rev. denied*, 358 Or. 145, 363 P.3d 1287 (2015).

3 - OPINION AND ORDER -

On December 28, 2015, Petitioner filed his Petition for Writ of Habeas Corpus with this Court. Petitioner alleges four grounds for relief:

> **Ground One:** Ineffective Assistance of Trial Counsel. Counsel threatened me with 120 years if I refused plea Deal.
> **Supporting Facts:** Counsel met with me and advised me to accept the plea offer or would likely receive 120 years if I took it to trial.
>
> **Ground Two:** Trial Counsel refused to meet with me for more than 10 minutes this pressured me to make decision to take the plea deal.
> **Supporting Facts:** Trial counsel met with me for 10 minutes or less to discuss the plea agreement I did not have sufficient time to make a conscious and knowing decision.
>
> **Ground Three:** The plea agreement had more charges than what I admitted to when interviewed by the police.
> **Supporting Facts:** I made some admissions when speaking to police. The charges contained in the plea agreement were not previously disclosed. I was pressured to sign it.
>
> **Ground Four:** Trial Counsel was not prepared for trial and insisted that the best option was to accept the plea offer.
> **Supporting Facts:** Trial Counsel met with me briefly and informed me that he was not prepared for trial. He said we would likely lose and I would be sentenced to 120 years.

Respondent contends Petitioner procedurally defaulted all four claims for relief because he failed to fairly present them on appeal in his state PCR proceeding and the time to do so has now elapsed. Petitioner acknowledges Respondent's argument that the claims are procedurally defaulted, and asks this court to review his claims anyway in the interests of justice.

4 - OPINION AND ORDER -

## DISCUSSION

Generally, a state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If the petitioner's federal claim is not exhausted, and he can no longer do so because of a state procedural bar, his claim is procedurally defaulted. *Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir.), *cert. denied*, 132 S. Ct. 558 (2011).

Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default of available state remedies may also be excused where the failure to consider the claims will result in a miscarriage of justice on a colorable showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

5 - OPINION AND ORDER -

Petitioner did not present any of the claims alleged in his Petition on appeal in the state PCR proceeding, and is procedurally barred from now doing so. As such, his claims are procedurally defaulted. While Petitioner asks this Court nevertheless to review his claims "in the interests of justice," he presents no evidence establishing cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Accordingly, this Court cannot review Petitioner's claims on the merits and habeas corpus relief cannot be granted.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2) and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 3rd day of March, 2017.

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER -